UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN BAC HEALTH CARE FUND, TRUSTEES OF; MICHIGAN BAC PENSION FUND, TRUSTEES OF; MICHIGAN BAC APPRENTICESHIP & TRAINING FUND, TRUSTEES OF; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL 2, AFL-CIO; BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, TRUSTEES OF; and INTERNATIONAL MASONRY INSTITUTE, TRUSTEES OF; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS,

Case No.

U.S. District Judge

Plaintiffs,

v.

TEKTON ENTERPRISES LLC,

Defendant.
_____/

**COMPLAINT**

Plaintiffs state for their complaint against defendant:

1. This is an action brought by trustees and fiduciaries of jointly administered, multi-employer benefit funds under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145, and Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C.

1

§185(a), to, inter alia, collect delinquent benefit contributions, interest and assessments against Defendant.

## Jurisdiction

2. Federal subject matter jurisdiction is based upon Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Sections 502 and 515 of the ERISA, 29 U.S.C. §§1132 and 1145.

## Parties

3. Michigan BAC Health Care Fund, Michigan BAC Pension Fund, Michigan BAC Apprenticeship & Training Fund, Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute (collectively "BAC Funds") are jointly administered, multi-employer benefit funds. The Michigan BAC Health Care Fund, Michigan BAC Pension Fund and Michigan BAC Apprenticeship & Training Fund maintain their principal office and place of business in Lansing, Michigan. The Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute maintain their principal office and place of business in Washington, D.C. and Annapolis, Maryland, respectively. The BAC Funds receive contributions from various employers pursuant to the terms of collective bargaining agreements (CBAs) with the International Union of Bricklayers and Allied Craftworkers, Local 2, AFL-CIO (created in October 2013 from a consolidation of Michigan BAC Locals 1 and 9; herein called "BAC Local

2"). Local 2 maintains their principal office and plan of business in Warren, Michigan.  The International Union of Bricklayers and Allied Craftworkers maintain their principal office and place of business in Washington, D.C. (herein BAC Local 2 and the International Union collectively called the "Unions"). The Trustees of the BAC Funds are plaintiffs; plaintiff Trustees are fiduciaries of the BAC Funds.

4. Defendant Tekton Enterprises LLC (Tekton) does business in the building and construction industry and its principal place of business is located at 4055 VanBuren Street, Suite F, Hudsonville, MI 49426 in Kent County.  (Exhibit 7, Tekton Corporate Business Record).

5. Defendant is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 3(5) of the ERISA, 29 U.S.C. §1002(5).

### ERISA Fringe Benefit Contributions And Other Obligations

6. Tekton is bound by collective bargaining agreements (CBA) with BAC Local 2 for the periods which include May 2006 to the present, which required contributions to the BAC Funds. (Exhibit 1, 2014-2017 Collective Bargaining Agreement; Exhibit 2, 2017- 2020 Collective Bargaining Agreement; and Exhibit 3, Tekton Signature Page).

7. Under the terms of the CBA, the related Trust Agreements and Amendments,  and the BAC Funds' Collection Policy, Tekton is required to remit

3

to the BAC Funds contributions for all hours of covered work performed by their bargaining unit employees (BUEs). (Exhibits 1 and 2; Exhibit 4, Trust Agreements; and Exhibit 6, BAC Funds' Collection Policy). Consistent with the CBA and related Trust Agreements and Amendments, monthly Contribution Report Forms (CRFs) must be filed and monthly fringe benefit contributions must be remitted no later than the fifteenth day of each month for the work performed the previous month.

8. The CBA and related Trust Agreements and Amendments also require Defendant Tekton to pay interest and assessments on contributions which are unpaid or remitted after their due date. (Exhibits 1, 2, and 4).

## COUNT I
## BREACH OF THE FORBEARANCE AGREEMENT

9. From May 2006 to the present, Tekton employed BUEs who were covered by the terms of the CBA.

10. From June 2016 through June 2017, as a result of work performed by Tekton's BUEs, and pursuant to the CBAs' terms, Tekton become indebted for the payment of contributions, late payment assessments (LPAs), audit assessments, dues and interest to the Funds totaling $134,440.54.

10. In April 2018, Plaintiffs and Tekton entered into a Forbearance Agreement (FA). (Exhibit 5, Tekton FA).

11. The FA included a 24 month installment payment plan for $114,661.26 in contributions and a waiver of $2,715.87 in LPAs, and $17,063.13 in audit assessments, dues and interest, if Tekton made timely installment payments and remained current in its fringe benefit obligations to the Funds. (*Id.*)

12. Tekton's last FA payment was made in June 2019, leaving a balance of $62,777.29, which includes the conditionally-waived amounts. (Exhibit 8, September 13, 2019 Letter).

12. On September 13, 2019, Plaintiffs confirmed Tekton's breach of the FA and its failure to make contribution payments to the Funds. (Ex. 8).

WHEREFORE, Plaintiffs request a Judgment against the Defendant as follows:

A. Awarding Plaintiffs $62,777.29, pursuant to the FA;

B. Adjudicating that Defendant is bound to the CBAs with BAC Local 2, and pursuant to these CBAs and applicable law, must pay benefit contributions to Plaintiffs for covered work; and

C. Granting Plaintiffs all legal and equitable relief to which they are entitled.

# COUNT II
## FAILURE TO SUBMIT RECORDS AND TO MAKE BENEFIT CONTRIBUTIONS AS VIOLATION OF ERISA

13. Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

14. Section 515 of the ERISA provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

15. Section 502 of the ERISA provides a federal forum for enforcement of the various duties imposed by the ERISA. A suit may be brought to enjoin any act which violates the ERISA and to obtain other appropriate legal and equitable relief to redress violations of the ERISA and enforce the terms of the plan.

16. From August 2019 to the present, Tekton failed to remit proper contributions to the Funds and failed to file proper monthly CRFs.

17. Defendant's failure to make contractually obligated monthly reports and fringe benefit contributions from August 2019 to the present to the BAC Funds violates ERISA.

18. Plaintiffs are entitled to all remedies under ERISA, including the payment of unpaid contributions, interest, "double interest" or liquidated damages, attorney's fees and costs and injunctive relief. 29 U.S.C. §1132.

WHEREFORE, Plaintiffs request a Judgment against the Defendant as follows:

   A. Adjudicating that the Defendant is bound to the CBAs with Local 2 and pursuant to the CBAs and applicable law, must pay benefit contributions to Plaintiffs for covered work;

   B. Ordering Defendant to honor all of the CBAs' fringe benefit obligations, including making proper and timely monthly remittances and monthly CRFs consistent with the terms of the CBAs and related Trust Agreements and Amendments;

   C. Awarding Plaintiffs amounts owed for work performed by Defendant from August 2019 to present, including contributions, interest, late payment assessments, audit costs and fees, together with attorney's fees and costs; and

   D. Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

## COUNT III
## FAILURE TO MAKE BENEFIT CONTRIBUTIONS AS VIOLATION OF THE CBA AND TRUST AGREEMENTS

19. Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

20. Section 301(a) of the LMRA, 29 U.S.C. §185(a), provides a federal forum to enforce labor contracts, including the contractual promise to pay contributions. Plaintiff Trustees and the BAC Funds are third-party beneficiaries of the CBAs and/or other written agreements.

21. Defendant has breached the CBA and Trust Agreements incorporated into the CBAs by failing to file proper monthly CRFs and pay contributions and other amounts to the BAC Funds and Unions.

WHEREFORE, Plaintiffs request a Judgment against Defendants for:

A. Adjudicating that the Defendant is bound to the CBAs with Local 2 and pursuant to the CBAs and applicable law, must pay benefit contributions to Plaintiffs for covered work;

B. Ordering Defendant to honor all of the CBAs' fringe benefit obligations, including making proper and timely monthly remittances and monthly CRFs consistent with the terms of the CBAs and related Trust Agreements and Amendments;

C. Awarding Plaintiffs amounts owed for work performed by Defendant from August 2019 to present, including contributions, interest, late payment assessments, audit costs and fees, together with attorney's fees and costs; and

D.      Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

*/s/Lauren E. Crummel*
Christopher P. Legghio (P27378)
Lauren E. Crummel (P73333)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 South Washington Avenue, Suite 600
Royal Oak, MI 48067-3837
248.398.5900
cpl@legghioisrael.com
crummel@legghioisrael.com
mbb@legghioisrael.com

Attorneys for Plaintiffs

December 5, 2019